UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COOPER CONSOLIDATED, LLC | § |
| *Plaintiff* | § CIVIL ACTION NO. _____ |
| V. | § JUDGE _____ |
| MAPLE ADVANCE SHIPPING, LTD., and MAPLE LEAF SHIPPING CO., LTD. *in personam* | § MAGISTRATE JUDGE _____ |
| and | § |
| THE M/V MAPLE STAR *in rem* | § |
| *Defendants* | § |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

The plaintiff, Cooper Consolidated, LLC ("Cooper"), submits this Complaint against the defendants, Maple Advance Shipping, Ltd. ("Maple Advance"), and Maple Leaf Shipping Co., Ltd. ("Maple Leaf"), *in personam*, and the M/V MAPLE STAR, *in rem*, an oceangoing vessel bearing the IMO number 9662370 owned and/or operated by Maple Advance and/or Maple Star at all relevant times.

## PARTIES

1. Upon information and belief, the *in personam* defendant, Maple Advance, is a foreign corporation organized and existing under the laws of China. On further information and belief, Maple Advance is the owner of the MAPLE STAR and/or operated the vessel at all material times.

2. Upon information and belief, the *in personam* defendant, Maple Leaf is a foreign corporation organized and existing under the laws of China. On further information and belief, Maple Leaf is the owner of the MAPLE STAR and/or operated the vessel at all material times.

3. Cooper is a limited liability company organized and existing under the laws of the State of Louisiana, engaged in the business of providing stevedoring services and other necessaries on the Mississippi River to various shippers and carriers.

## JURISDICTION

4. This is an action within this Court's jurisdiction pursuant to 28 U.S.C. §1333 (admiralty jurisdiction), 28 U.S.C. §1332 (diversity jurisdiction), and Federal Rule of Civil Procedure 9(h). Cooper elects to bring this action pursuant to 28 U.S.C. §1333 (admiralty and maritime jurisdiction) and Rule 9(h) of the Federal Rules of Civil Procedure.

5. Assuranceforeningen Skuld (Gjensidig) ("Skuld"), the underwriters of the owners of the MAPLE STAR, issued a letter of undertaking dated September 12, 2019 (the "LOU"), which provides security for Cooper's claims asserted herein and confers exclusive jurisdiction for all claims arising out of this litigation on the U.S. District Court for the Eastern District of Louisiana.

## FACTUAL BACKGROUND

6. On July 16 2019, the MAPLE STAR berthed at Cooper's Darrow Fleet at Mile Marker 175 in the Mississippi River (the "Berth") where Cooper provided stevedoring services and other necessaries to the MAPLE STAR under the terms and conditions set forth in Cooper's publicly available Ship Mooring Terminal Tariff (the "Cooper Tariff") in effect at the time.

7. Because the Cooper Tariff was a publicly available "schedule of rates, regulations, and practices, including limitations of liability for cargo loss or damage, pertaining

to receiving, delivering, handling, or storing property at its marine terminal," it "is enforceable by [this Court] as an implied contract without proof of [the MAPLE STAR's] actual knowledge of its provisions" under U.S.C.A. § 40501(f).

8. Additionally, Southport Agencies, Inc. ("Southport"), in its capacity as agent or representative of Maple Advance, the owner and/or operator of the MAPLE LEAF, and/or Maple Leaf, the owner and/or operator of the MAPLE STAR, signed Cooper's berth application for the Berth under which Southport, on behalf of the MAPLE STAR, her agent(s), owner(s), operator(s), manager(s), and/or charterer(s), agreed to be bound by the Cooper Tariff and all terms and provisions therein.

9. Cooper provided a host of services and other necessaries to the MAPLE STAR at the Berth and assessed charges in accordance with the Cooper Tariff for dockage, launch, security, mooring (including a high-river surcharge for extra lines), tugs (including the use of tugs in and out of the Berth and tug stand-by charges), gross register tonnage, buoys, and fuel and high-river surcharges (various percentage increases to launch, tugs, gross register tonnage, buoys, standby for tugs, and mooring charges) (collectively, the "Tariff Charges") in the amount of $546,211.97.

10. Cooper ordered the MAPLE STAR to depart the Berth on July 21, 2019, at approximately 8:00 AM.

11. Under the Cooper Tariff, delay charges accrue at a rate of $5,000.00 per hour for the failure to vacate the Berth as ordered (the "Delay Charges").

12. The MAPLE STAR remained in the Berth for approximately 130 hours until her departure from the Berth on July 26, 2019, at approximately 6:00 PM.

13. While the MAPLE STAR remained in the Berth from July 21, 2019, to July 26, 2019, other vessels that were scheduled to enter the Berth were precluded from doing so.

14. During her time occupying the Berth from July 21, 2019, to July 26, 2019, the MAPLE STAR incurred $650,000.00 in Delay Charges.

15. Under the Cooper Tariff, the owner, operator, and agents of any vessel that refuses to vacate the Berth when ordered to do so are responsible for Cooper's damages, costs, and expenses incurred as a result of the vessel's failure to vacate and are obligated to defend, indemnify, and hold Cooper harmless from any and all claims (including reasonable attorneys' fees and court costs incurred in connection with its defense of Cooper in such claims) in any way arising out of or related to the vessel's failure to vacate the Berth.

16. The Cooper Tariff also provides that Cooper is entitled to recover attorneys' fees and court costs incurred in connection with Cooper's enforcement of its rights under the Cooper Tariff from Maple Advance and/or Maple Leaf.

17. Therefore, the total amount of damages presently due and owing to Cooper from Maple Advance and/or Maple Leaf in connection with the Tariff Charges and the Delay Charges is $1,196,211.97, in addition to Cooper's attorneys' fees and costs incurred in the prosecution of this suit.

## COUNT 1 – BREACH OF MARITIME CONTRACT

18. Cooper incorporates and reasserts the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. Cooper brings this claim *in personam* against Maple Advance and/or Maple Leaf, as more fully set out above, because Maple Advance and/or Maple Leaf entered into and breached the maritime contract with Cooper evidenced by the Cooper Tariff.

20. Cooper performed its obligations under the contract as set forth above. Maple Advance and/or Maple Leaf, on the other hand, have failed to comply with the terms of the agreement by failing to pay the amounts owed under the Cooper Tariff.

21. Accordingly, Maple Advance and/or Maple Leaf are in breach of the contract evidenced by the Cooper Tariff and are indebted to Cooper in the amount of $1,196,211.97, in addition to the Marquis Damages and Cooper's attorneys' fees and costs incurred in the prosecution of this suit.

## COUNT II – UNJUST ENRICHMENT

22. Cooper incorporates and reasserts the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. Maple Advance and/or Maple Leaf have been unjustly enriched.

24. Cooper performed services and provided necessaries to the MAPLE STAR as authorized and approved by Maple Advance and/or Maple Leaf.

25. Maple Advance and/or Maple Leaf are indebted to Cooper in the amount of $1,196,211.97 as a result of the services provided.

26. Maple Advance and/or Maple Leaf have failed to pay Cooper for the services provided.

27. Maple Advance's and/or Maple Leaf's continued withholding of amounts due and owing to Cooper for work performed and properly invoiced have unjustly enriched Maple Advance and/or Maple Leaf at Cooper's sole expense.

28. Maple Advance's and/or Maple Leaf's tortious unjust enrichment has caused Cooper to suffer damages in the amount of $1,196,211.97, plus Cooper's attorneys' fees and costs incurred in prosecuting this lawsuit in addition to the Marquis Damages.

**WHEREFORE,** Cooper Consolidated, LLC, respectfully requests that this Court enter judgment against the *in personam* defendants, Maple Advance Shipping, Ltd., and Maple Leaf Shipping Co., Ltd., and the *in rem* defendant, the M/V MAPLE STAR, in the amount of $1,196,211.97 for charges due and owing under the relevant contract evidenced by the Cooper Tariff, with interest, costs, and attorneys' fees as determined to be reasonable by this Court, including pre- and post-judgment interest, and any other general or equitable relief as may be just and proper.

Respectfully submitted,

*/s/ Jason P. Waguespack*
JASON P. WAGUESPACK, T.A. (#21123)
ANDREW V. WATERS (#37913)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Facsimile:  (504) 525-2456
jwaguespack@gallowaylawfirm.com
awaters@gallowaylawfirm.com
Attorneys for the Plaintiff, *Cooper Consolidated, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via CM/ECF this 17th day of January, 2020.

*/s/ Jason P. Waguespack*
JASON P. WAGUESPACK